**In re FEDERAL SKYWALK CASES.**
**No. 81–0945–A–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

May 4, 1983.

Irving Younger, Williams & Connolly, Washington, D.C., Robert Gordon, Gordon & Whitaker, Kansas City, Mo., for plaintiffs.

Patrick McLarney, Shook, Hardy & Bacon, Max Foust, Morris & Foust, Kansas City, Mo., John Shamberg, Schnider, Shamberg & May, Shawnee Mission, Kan., for plaintiffs-intervenors.

Robert L. Driscoll, Lawrence M. Berkowitz, Charles W. German, John C. Aisenbrey, Matthew J. Verschelden, Kansas City, Mo., and Hughes, Hubbard & Reed, Robert J. Sisk, John M. Townsend, Norman C. Kleinberg, New York City, Ronald A. Stern, Washington, D.C., for Crown Center Redevelopment Corp. and Hallmark Cards, Inc.

Niewald, Risjord & Waldeck, Michael E. Waldeck, Kansas City, Mo., for Hyatt Corp. and Hyatt Hotels Corp.

Shughart, Thomson & Kilroy, Thomas J. Leittem, Thomas F. Fisher, Kansas City, Mo., for Patty Berkebile, Nelson Duncan, Monroe Lefebvre, Architects, Planners, Inc.

Blackwell, Sanders, Matheny, Weary & Lombardi, Lawrence L. McMullen, Kansas City, Mo., for Concordia Project Management, Inc.

McAnany, Van Cleave & Phillips, Bill E. Fabian, James R. Goheen, Kansas City, Kan., for Eldridge & Son Const. Co., Inc.

Brown, James, Rabbitt, Whaley, McMullin & Pitzer, Donald L. James, St. Louis, Mo., for Gillum-Colaco, Gillum-Colaco Consulting Structural Engineers, Inc. and Jack D. Gillum Associates.

Jackson & Sherman, Joseph A. Sherman, Patrick Lysaught and Miller & Glynn, Kevin E. Glynn, Kansas City, Mo., for Havens Steel Co.

Dietrich, Davis, Dicus, Rowlands & Schmitt, Heywood H. Davis, Kansas City, Mo., for Marshall & Brown, Inc.

John Campbell, Campbell & Bysfield, Kansas City, Mo., for Seiden & Page, Inc.

Joseph Moore, Moore & Willy, Kansas City, Mo., for H.R. Inspection Services, Inc.

### ORDER

SCOTT O. WRIGHT, District Judge.

All but a few of the Skywalk claims pending in this Court have been settled. The Court, therefore, deems it appropriate to make a full award of attorneys' expenses and a partial award of attorneys' fees at this time. The Court has considered the factors listed in *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312–13 (8th Cir.1981), and has determined that the Settling Defendants are to pay the following parties the following expense sums within fifteen (15) days of the date of this order:

| | | |
|---|---|---|
| 1. | Williams & Connolly: | $ 319,736.79 |
| 2. | Robert Gordon: | 121,308.85 |

In addition, the Settling Defendants are to pay the following parties one-half of the following fee sums within fifteen (15) days of the date of this order:

| | | |
|---|---|---|
| 1. | Williams & Connolly: | $ 725,000.00 |
| | Robert Gordon (post June 1 | |
| 2. | 1982): | 450,000.00 |
| 3. | William Whitaker: | 190,000.00 |
| | Anderson, Granger, Nagels, | |
| 4. | Lastelic & Gordon: | 175,000.00 |
| 5. | Stoup & Thompson: | 140,000.00 |
| 6. | Colbert & Fields: | 50,000.00 |
| 7. | John Schwabe: | 40,000.00 |

The remaining one-half of the fees will be awarded by the Court when the remaining cases are resolved. It presently appears that a substantial amount will be available to add to the charity fund previously established.

This attorneys' expense and fee award is a one-time award for all work performed by these class action attorneys on behalf of all of the Skywalk victims. The one-time award represents another benefit that the victims of a mass disaster can derive from the certification of a class action. In the absence of a class action, where appointed counsel are paid a reasonable hourly fee by the Court out of any jury award or settlement fund, attorneys who represent multiple victims are able to charge multiple contingency fees without regard for the amount of time actually spent. As has occurred in the non-class action aspect of the litigation of the Skywalk disaster, attorneys who represent some victims are receiving multiple contingency fees, the sum of which greatly exceeds any reasonably justifiable fee for the amount of time actually spent earning the fee. Though the authority of the Court to act with regard to this problem has been limited, the manner in which fees have been assessed by some non-class action attorneys demonstrates the need for the legal community to reassess the propriety of an attorney assessing substantial multiple contingency fees in the context of a mass disaster and highlights the usefulness of a judicially supervised class action in curtailing excessive charges.

Finally, the Court requests briefing on the following issue: "To which supplemental compensation fund (state or federal) must cases recently transferred to state court for trial look for supplemental compensation?" If it is determined that the transferred cases must look to the federal fund, the cases will be returned to this Court and will be tentatively set for trial on May 23, 1983. Thus, the parties involved should submit briefs on the above issue within ten (10) days of the date of this order.

IT IS SO ORDERED.